CLEARFIELD & KOFSKY
By: Adam E. Grutzmacher, Esquire
Identification No. 92061
Suburban Station Building - Suite 355
1617 JFK Boulevard
Philadelphia, PA 19103
(215) 563-6333

THIS IS A MAJOR JURY MATTER.
AN ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

Attorney for Plaintiff

Filed and Attested by the
Office of Judicial Records
24 FEB 2021 03:53 pm
A. SILIGRINI

| | |
|---|---|
| RONICA CHAMBERS<br>43 S. Royal Street<br>York, PA 17401<br><br>    v.<br>BOB'S DISCOUNT FURNITURE<br>7301 Castor Avenue<br>Philadelphia. PA 19149<br>    And<br>BOB'S DISCOUNT FURNITURE LLC c/o<br>CT CORPORATION SYSTEM<br>600 N. 2nd Street-Suite 401<br>Harrisburg, PA 17101<br>    And<br>ANY FURNITURE REPAIRS INC.<br>188 Rainbow Drive<br>Livingston, TX 77399<br>    And<br>JOHN DOE | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>FEBRUARY TERM 2021<br>NO. |

## COMPLAINT IN CIVIL ACTION
(Code #2S - Premises Liability - Slip and Fall)

**NOTICE**

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL & INFORMATION SERVICE
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

**AVISO**

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Penna. 19107
(215) 238-1701

Case ID: 210202319

## GENERAL AVERMENTS

1. Plaintiff, Ronica Chambers, is an adult individual who reside at the above-captioned address.

2. Defendant, Bob's Discount Furniture (hereinafter referred to as "BDF"), is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

3. Defendant, Bob's Discount Furniture LLC (hereinafter referred to as "BDF LLC"), is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

4. Defendant, Any Furniture Repairs Inc., (hereinafter referred to as "Furniture Inc."), is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

5. Defendant, John Doe, a fictitious designation, is currently an unknown party.

6. Upon information and belief, Defendant, John Doe, is that of a contractor and/or sub-contractor.

7. Upon information and belief, Defendant John Doe, potentially had responsibility for the maintenance, repair and control of any and all furniture.

8. The identity of Defendant, John Doe, is unknown after a reasonable search with due diligence.

9. At all times material hereto, Defendants, BDF and/or BDF LLC did own and/or operate and/or manage and/or operate and/or control and/or possess the property and building situated thereon known as Bob's Discount Furniture located at 7301 Castor Avenue, Philadelphia, Pennsylvania.

10. At all times material hereto, Defendant, Furniture Inc. was hired and/or contracted to perform necessary repairs for furniture sold by defendants BDF and/or BDF LLC which was under warranty.

11. It is alleged and averred that Defendants were responsible for the maintenance, replacement and/or repair of any and all furniture.

12. At all times material hereto, Defendants acted or failed to act by and through their agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their employment with Defendants, in furtherance of Defendants' businesses and on behalf of Defendants.

13. On or about February 28, 2019, and for some time prior thereto, Defendants acting by and through their agents, servants, workmen and/or employees, acting as aforesaid, carelessly and negligently permitted an broken chair to be sold to Plaintiff and when said chair broke it was improperly repaired by defendants, this dangerous and defective condition was permitted to exist for an unreasonable period of time.

Case ID: 210202319

14. On or about February 28, 2019, Plaintiff, Ronica Chambers, purchased the defective chair from defendant BDF.

15. Said Defendants were responsible for the proper maintenance of the aforesaid furniture and to keep said furniture safe for purchasers of said furniture such as the Plaintiff.

16. On or about February 28, 2019, Plaintiff, Ronica Chambers, did fall to the ground by reason of coming in contact with the aforementioned dangerous and defective condition at the aforesaid location, causing Plaintiff the injuries, which form the basis for this action.

17. The aforesaid accident was due solely to the negligence and carelessness of the Defendants, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

### COUNT I
### PLAINTIFF, RONICA CHAMBERS v. DEFENDANTS, BDF & BDF LLC, ONLY THIRD PARTY LIABILITY

18. Plaintiff, Ronica Chambers, incorporates by reference hereto all of the allegations contained in the General Averments, as if they were set forth at length herein.

19. The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

    (a) allowing and/or causing a dangerous and defective condition to exist of Defendants' furniture which they knew or should have known by the exercise of reasonable care;

    (b) said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

Case ID: 210202319

(c) failing to correct said dangerous condition of which they knew or should have known and which constituted a danger to persons who purchased the furniture

(d) failing to inspect the chairs at reasonable intervals to determine the condition thereof;

(e) failing to hire and/or supervise competent contractors and/or maintenance staff to inspect and properly repair and/or replace any and all broken and/or malfunctioning chairs;

(f) allowing broken and/or faulty chairs to be sold to business invitees including the plaintiff;

(g) failing to adhere to the maintenance and/or lease and/or warranty agreement regarding furniture;

(h) failing to warn persons of the existence of said dangerous condition of which Defendants knew or should have known;

(i) permitting as highly dangerous condition to exist for an unreasonable time;

(j) negligence per se; and

(k) in being otherwise careless and negligent, the particulars of which are presently unknown to plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure, or which may be learned at the trial of this case.

20. As a result of this accident, Plaintiff, Ronica Chambers, has suffered injuries which are or may be serious and permanent in nature, including, but not limited to: left posterior

Case ID: 210202319

heal spur, left Achilles tendinosis, foot injury both requiring surgical repair resulting in skin discoloration and permanent scarring, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

21. As a further result of this accident, Plaintiff, Ronica Chambers, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

22. As a further result of this accident, Plaintiff, Ronica Chambers, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

23. As a further result of this accident, Plaintiff, Ronica Chambers, has suffered medically determinable physical and/or mental impairment, which that prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

24. As a direct and reasonable result of the accident aforementioned, Plaintiff, Ronica Chambers, has or may hereafter incur other financial expenses, which do or may exceed amounts which plaintiff may otherwise be entitled to recover.

25. As a further result of the accident aforementioned, Plaintiff, Ronica Chambers, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Ronica Chambers, demands judgment against the Defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

Case ID: 210202319

## COUNT I
## PLAINTIFF, RONICA CHAMBERS v. DEFENDANTS, BDF & BDF LLC, ONLY
## THIRD PARTY LIABILITY

26. Plaintiff, Ronica Chambers, incorporates by reference hereto all of the allegations contained in the General Averments, as if they were set forth at length herein.

27. The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

(a) allowing and/or causing a dangerous and defective condition to exist of Defendants' furniture which they knew or should have known by the exercise of reasonable care;

(b) said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

(c) failing to correct said dangerous condition of which they knew or should have known and which constituted a danger to persons who purchased the furniture

(d) failing to inspect the chairs at reasonable intervals to determine the condition thereof;

(e) failing to hire and/or supervise competent contractors and/or maintenance staff to inspect and properly repair and/or replace any and all broken and/or malfunctioning chairs;

(f) allowing broken and/or faulty chairs to be sold to business invitees including the plaintiff;

Case ID: 210202319

(g) failing to adhere to the maintenance and/or lease and/or warranty agreement regarding furniture;

(h) failing to warn persons of the existence of said dangerous condition of which Defendants knew or should have known;

(i) permitting as highly dangerous condition to exist for an unreasonable time;

(j) negligence per se; and

(k) in being otherwise careless and negligent, the particulars of which are presently unknown to plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure, or which may be learned at the trial of this case.

28. As a result of this accident, Plaintiff, Ronica Chambers, has suffered injuries which are or may be serious and permanent in nature, including, but not limited to: left posterior heal spur, left Achilles tendinosis, both requiring surgical repair resulting in skin discoloration and permanent scarring, foot injury musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

29. As a further result of this accident, Plaintiff, Ronica Chambers, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

30. As a further result of this accident, Plaintiff, Ronica Chambers, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

Case ID: 210202319

31. As a further result of this accident, Plaintiff, Ronica Chambers, has suffered medically determinable physical and/or mental impairment, which that prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

32. As a direct and reasonable result of the accident aforementioned, Plaintiff, Ronica Chambers, has or may hereafter incur other financial expenses, which do or may exceed amounts which plaintiff may otherwise be entitled to recover.

33. As a further result of the accident aforementioned, Plaintiff, Ronica Chambers, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Ronica Chambers, demands judgment against the Defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

### COUNT II
### PLAINTIFF, RONICA CHAMBERS v. DEFENDANT, FURNITURE INC, ONLY THIRD PARTY LIABILITY

34. Plaintiff, Ronica Chambers, incorporates by reference hereto all of the allegations contained in the General Averments and Count I, as if they were set forth at length herein.

35. The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

    (a) allowing and/or causing a dangerous and defective condition to exist of Defendants' furniture which they knew or should have known by the exercise of reasonable care;

Case ID: 210202319

(b) said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

(c) failing to correct said dangerous condition of which they knew or should have known and which constituted a danger to persons who purchased the furniture

(d) failing to inspect the chairs at reasonable intervals to determine the condition thereof;

(e) failing to hire and/or supervise competent contractors and/or maintenance staff to inspect and properly repair and/or replace any and all broken and/or malfunctioning chairs;

(f) allowing broken and/or faulty chairs to be sold to business invitees including the plaintiff;

(g) failing to adhere to the maintenance and/or lease and/or warranty agreement regarding furniture;

(h) failing to warn persons of the existence of said dangerous condition of which Defendants knew or should have known;

(i) permitting as highly dangerous condition to exist for an unreasonable time;

(j) negligence per se; and

(k) in being otherwise careless and negligent, the particulars of which are presently unknown to plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure, or which may be learned at the trial of this case.

Case ID: 210202319

36. As a result of this accident, Plaintiff, Ronica Chambers, has suffered injuries which are or may be serious and permanent in nature, including, but not limited to: left posterior heal spur, left Achilles tendinosis, both requiring surgical repair resulting in skin discoloration and permanent scarring, foot injury, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

37. As a further result of this accident, Plaintiff, Ronica Chambers, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

38. As a further result of this accident, Plaintiff, Ronica Chambers, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

39. As a further result of this accident, Plaintiff, Ronica Chambers, has suffered medically determinable physical and/or mental impairment, which that prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

40. As a direct and reasonable result of the accident aforementioned, Plaintiff, Ronica Chambers, has or may hereafter incur other financial expenses, which do or may exceed amounts which plaintiff may otherwise be entitled to recover.

41. As a further result of the accident aforementioned, Plaintiff, Ronica Chambers, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

Case ID: 210202319

WHEREFORE, Plaintiff, Ronica Chambers, demands judgment against the Defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

## COUNT III
## PLAINTIFF, RONICA CHAMBERS v. DEFENDANT, JOHN DOE (contractor/sub-contractor), ONLY
## THIRD PARTY LIABILITY

42. Plaintiff, Ronica Chambers, incorporates by reference hereto all of the allegations contained in the General Averments and Counts I and II, as if they were set forth at length herein.

43. The negligence and carelessness of the Defendant, acting as aforesaid, consisted of the following:

(a) allowing and/or causing a dangerous and defective condition to exist of Defendants' furniture which they knew or should have known by the exercise of reasonable care;

(b) said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

(c) failing to correct said dangerous condition of which they knew or should have known and which constituted a danger to persons who purchased the furniture

(d) failing to inspect the chairs at reasonable intervals to determine the condition thereof;

(e) failing to inspect and properly repair and/or replace any and all broken and/or malfunctioning chairs;

Case ID: 210202319

(f) allowing broken and/or faulty and/or improperly repaired chairs to be used by the plaintiff;

(g) failing to adhere to the maintenance and/or lease and/or warranty agreement regarding furniture;

(h) failing to warn persons of the existence of said dangerous condition of which Defendants knew or should have known;

(i) permitting as highly dangerous condition to exist for an unreasonable time;

(j) negligence per se; and

(k) in being otherwise careless and negligent, the particulars of which are presently unknown to plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure, or which may be learned at the trial of this case.

44. As a result of this accident, Plaintiff, Ronica Chambers, has suffered injuries which are or may be serious and permanent in nature, including, but not limited to: left posterior heal spur, left Achilles tendinosis, both requiring surgical repair resulting in skin discoloration and permanent scarring, foot injury, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

45. As a further result of this accident, Plaintiff, Ronica Chambers, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

Case ID: 210202319

46. As a further result of this accident, Plaintiff, Ronica Chambers, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

47. As a further result of this accident, Plaintiff, Ronica Chambers, has suffered medically determinable physical and/or mental impairment, which that prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

48. As a direct and reasonable result of the accident aforementioned, Plaintiff, Ronica Chambers, has or may hereafter incur other financial expenses, which do or may exceed amounts which plaintiff may otherwise be entitled to recover.

49. As a further result of the accident aforementioned, Plaintiff, Ronica Chambers, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Ronica Chambers, demands judgment against the Defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

**CLEARFIELD & KOFSKY**

BY: _____
**Adam E. Grutzmacher, Esquire**
**Attorney for Plaintiff,** Ronica Chambers

-14-

Case ID: 210202319

## VERIFICATION

I, Adam E. Grutzmacher, Esquire, hereby verify that I am the attorney in the attached complaint and that the facts set forth herein are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are subject to the penalties of Title 18 Pa. C.S.A. Section 4904 relating to unsworn falsifications to authorities.

_____
ADAM E. GRUTZMACHER, ESQUIRE

Case ID: 210202319